## COURT OF APPEALS, MARCH TERM, 1849.

### Louisa Livingston vs. John P. Radcliff and others.

There can be no appeal from a judgment to this court, (under the code, or otherwise) except upon a *bill of exceptions* or *special verdict*, presenting questions of law.

So, held, where there was a trial before a justice, without a jury, and a *case* made, upon which the general term denied a new trial, which was incorporated in the record and appealed to this court.

Action of assumpsit in the Supreme Court, commenced prior to July, 1848, and tried in October of that year before Judge Barculo, without a jury, pursuant to the 80th section of Judiciary Act. (Stat. 1847, p. 345.) The Judge decided in favor of the Defendants. The Plaintiff did not except to any decision of the judge, but made a *case* detailing the evidence on the trial, and upon that moved the Supreme Court in general term for a new trial in January last. The court denied the motion, and rendered judgment for the Defendants. The case was incorporated in the record on Plaintiff's motion, and she then appealed to this court.

S. Stevens, *for the Defendants*, moved to dismiss the appeal, on the ground that there was no bill of exceptions, and so nothing which could be reviewed.

A. Taber, *for the Plaintiff*, said that under the 11th section of the code, an appeal lay for every actual determination at a general term, including decisions on motions for new trials on the weight of evidence, or on newly discovered evidence, as well as decisions on questions of law ; and that no bill of exceptions was necessary.

The Court held, that the trial in this case was had under the 80th section of the Judiciary Act of 1847 ; but whether under that act, or the Code of Procedure, (§ 221 to 224,) there could be no appeal from the judgment to this court, except upon a bill of exceptions or special verdict presenting questions of law. Appeal dismissed.